**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| LARRY T. THOMPSON,<br><br>                Plaintiff,<br>vs.<br><br>F/V/ CHAMP (o/n 291117) its engine, tackle, gear, equipment and appurtenances, *In Rem*, and DEBTORS, COREY POTTER and MAYBE MARTINEZ, *In Personam*,<br><br>                Defendants. | Case No. 3:10-cv-00202-HRH-JDR<br><br>**RECOMMENDATION REGARDING<br>MOTION FOR ENTRY OF DEFAULT<br>JUDGMENT *IN REM***<br><br>(Docket No. 40) |

       The Plaintiff, Larry Thompson, filed his *Motion for Entry of Default Judgment In Rem* at Docket 40. The Plaintiff filed an *Application for Entry of Default In Rem* at Docket 37 and the Clerk entered Default *In Rem* at Docket 39. The Defendant Vessel has not appeared or filed an answer or response to any motion or the complaint in this matter.

The Court issued an order for arrest of the Defendant Vessel at Docket 20 in January of 2011. The Plaintiff filed a Status Report in February of 2011 indicating that he and the *in personam* Defendants were attempting to resolve the payments due, in effect settling the lawsuit.[1] Negotiations were unsuccessful.[2] In March and April of 2011, the Plaintiff reported that road and weather conditions prevented the arrest and transfer of the Vessel to the Substitute Custodian.[3] In April of 2011, the Plaintiff filed a Motion for Entry of Default Judgment.[4] The Court granted partial default judgment at Docket 33. The Vessel was arrested and transferred to the custody of the Substitute Custodian in May of 2011.[5]

Local Admiralty Rules (c)-3 and (c)-4 govern Default Judgments *in Rem*.[6] Civil Local Rule 5.1 governs Filing and Proof of Service.[7]

---

[1] *See Plaintiff's Status Report Regarding Filing a Motion for Default Judgment as to the In Personam Defendants*, Docket 24.

[2] *Id.*

[3] *Plaintiff's Status Report Regarding Arresting F/V Champ*, Docket 26; *Plaintiff's Status Report Regarding Arresting F/V Champ*, Docket 29.

[4] *Motion for Entry of Default Judgment*, Docket 30.

[5] *See U.S. Marshals Return on Appointment of Substitute Custodian*, Docket 34 *U.S. Marshals Return on Arrest Warrant*, Docket 35.

[6] **Rule (c)-3 Notice Required for Default and Default Judgment in Action in Rem.** A party seeking a default judgment in an action in rem must show that due notice of the action and arrest of the property has been given under this rule.
(a) **Publication.** Notice has been made by publication under D.Ak.LAR (c)-2.
(b) **Service of Notice.** Not less than three (3) days notice by service under Rule 5(b), Federal Rules of Civil Procedure upon:

Pursuant to Local Admiralty Rule (c)-2(c), Plaintiff published a copy of the Notice of Action and Arrest in the Bristol Bay Times on June 13, 2011 and in the

---

      (1) the master or other person having custody of the property;
      (2) every other party who has appeared in the action;
      (3) every person who has not appeared in the action and is known to have an interest in the property, including –
          [A] if the defendant property is a vessel documented under the laws of the United States, all persons identified in the United States Coast Guard Office of Vessel Documentation as having an interest in defendant vessel, or
          [B] if the defendant property is a vessel numbered as provided in 46 U.S.C. Chapter 123 (Numbering Undocumented Vessels), to the persons named in the records of the issuing authority.
      (4) Service is presumed to be effective under paragraph (b)(3) if sent or delivered to the address shown on the official records of the United States Coast Guard or issuing authority.
(c) **Service Excused.** Service upon persons described in paragraph (b)(3) may be excused upon a showing that diligent effort was made to give the notice, without success.
(d) **Effect of Failure to Give Notice.** Failure to give notice as provided by this rule constitutes grounds for setting aside the default under applicable rules, but does not affect property sold under a judgment.
      **Rule (c)-4 Entry of Default and Default Judgment in Actions in rem** . . .
(b) **Entry of Default Judgment.**
      (1) The plaintiff may move for default judgment under Rule 55(b), Federal Rules of Civil Procedure, at any time after default has been entered.
      (2) Any person who has appeared and does not join in the motion for default judgment must be given five (5) days notice of the motion.

      [7]**Rule 5.1 Filing and Proof of Service When Service is Required by Rule 5, Federal Rules of Civil Procedure**
(a) **Proof of Service.** Proof of service under Rule 5, Federal Rules of Civil Procedure must be made by:
      (1) the recipient's acknowledgment of service; or
      (2) through certification of the person making the service, which certification must include –
          [A] the person or persons upon whom it was served,
          [B] the means of service, and
          [C] the date it was served.
      (3) [A] Unless impractical, proof of service should be reflected on the document served, not on a separate document.
          [B] Where a document includes attachments, *e.g.*, exhibits, affidavits, or a proposed order, unless otherwise indicated in the certificate of service for the principal document, the certificate of service for the principal document also constitutes a certificate that the attachments were served concurrently therewith. . . .

Alaska Journal of Commerce on June 19, 2011.[8]  The debtor Defendants, Corey Potter and Maybe Martinez, were served with a copy of the Summons and Complaint on October 6, 2010.[9]  The Defendant Vessel has not filed an answer to the Complaint.[10] No other parties of interest have filed an answer to the Complaint.[11] The time frame for answers expired on July 11, 2011.[12]  The Motion for Default Judgment *In Rem* is ripe in accordance with Local Admiralty Rule (c)-4.

>The Magistrate Judge is satisfied that the Plaintiff has met his notice requirements for service under Local Admiralty Rule (c)-3 and publication requirements under (c)-2.

>The Plaintiff seeks the costs of arrest and service against the Defendant Vessel in his motion.[13]  The terms of the Vessel's Mortgage are found in Exhibit 1 to the Complaint.[14]  The Plaintiff's attorney filed an affidavit regarding costs and fees

---

[8] *See Declaration of Publication of Notice of Arrest*, Docket 36.

[9] *See Rule 4(1) Affidavit of Proof of Service*, Docket 5.

[10] *See Affidavit of Serena Green In Support of Motion for Entry of Default Judgment In Rem*, Docket 41, p. 2.

[11] *Id.* at p. 2-3.

[12] *Id.*

[13] *Id.* at 3 (the costs and fees associated with drafting and filing the complaint were divided equally between the *in rem* and *in personam* defendants).

[14] *Complaint*, Docket 1, Exhibit 1.

along with a *Computation of costs incurred by Plaintiff*.[15] In that computation, the Plaintiff states that the principal amount plus the pre-judgment costs is $206,485.46.[16] After February 28, 2011, interest continued to accrue at $49.29 per day or to the amount of $10,794.51 as of October 5, 2011. The Attorney's fees accrued total $12,042.50.[17] Half the cost of the filing fee, the service fee associated with the *in rem* motion and the publication fees associated with the *in rem* action total $2,610.68. The Magistrate Judge recommends a total judgment of $231,933.15, which includes the per day interest accruing after February 28, 2011 through October 5, 2011. Further interest will accrue at a pre-judgment rate of $49.29 per day and a post-judgment interest rate of 10%.

Therefore, the Magistrate Judge recommends the Court GRANT THE MOTION FOR ENTRY OF DEFAULT JUDGMENT *IN REM* and find that the judgment totals $231,933.15 plus pre-judgment interest accrued after October 5, 2011 at a rate of $49.29 per day. It is further recommended that the clerk of court calculate final costs and interest, accruing at a rate of 10%.

---

[15] Docket 41 and Exhibit 1 to Docket 41.

[16] The principal amount owing on the note is $179,926.03, *see* Docket 41, Exhibit 1.

[17] The calculation in the Computation of Costs at Docket 41, Exhibit 1, contains an error for the total amount of Attorney's fees. The corrected amount is $12,042.50, not 12,240.50.

In the interest of justice and to expedite the business of the court, this Recommendation is entered as a Final Recommendation.

DATED this __4th__ day of October, 2011, at Anchorage, Alaska.

      /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge